## M. TUCKER *v.* THE STATE.

1. AGGRAVATED ASSAULT—EVIDENCE.—The assaulted party stated in his testimony that he owned the premises at which the assault was committed, and that the defendant was occupying them without authority; to which the defence objected that title to real estate could not be so proved. *Held,* inasmuch as the title to the premises was not in issue, nor even a controverted question, there was no error in allowing the witness to state his ownership as a fact explanatory of the *res gestæ.*

2. DUPLICITY IN PLEADING—PRACTICE.—Information for aggravated assault, though it contained but one count, alleged three distinct matters of aggravation, but all laid at the same date, free from repugnancy, and intimately interwoven. No motion to quash, or other objection *in limine* was made by the defendant, nor did he ask the court to require the State to elect upon which ground of aggravation the cause should be tried; but, after conviction for simple assault, he moved in arrest of judgment because of duplicity in the information. *Held,* that the motion was properly over-ruled.

APPEAL from the County Court of Erath. Tried below before the Hon. W. KENNEDY, County Judge.

The material facts are shown in the opinion.

*J. D. Martin,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

ECTOR, P. J. The information in this case was drawn under art. 2150, Paschal's Digest of the Criminal Code, and embraced subdivisions 4, 7, and 9 of said article.

The information charges that the defendant, being a person of robust health and strength, did, on the 19th of February, 1878, commit an aggravated assault and battery upon G. A. Upshaw, who was then aged and decrepit; and that defendant, then and there, with premeditated design, and by the use of means calculated to inflict great bodily injury, to wit, a large and heavy chair, did strike, wound, and bruise the said Upshaw; and further, that the defendant, then and there, with a certain large and heavy chair,

did strike, wound, and bruise the said Upshaw, by means whereof serious bodily injury was inflicted upon him. There was but one count in the information. Defendant did not except to the information for duplicity, before the trial; nor did he at any time ask the court to require the county attorney to elect on which ground of aggravation alleged in the information he would proceed. The defendant was acquitted of aggravated assault and battery, and convicted of simple assault and battery, and his punishment assessed at a fine of $5.

The defendant filed a motion for new trial; which, we believe, was properly overruled.

The main question in this case was, who commenced the difficulty, — who committed the first assault? This question was fairly presented to the jury in the charge of the court. On this point the court instructed the jury as follows: "If you find from the evidence that Upshaw made the first assault upon defendant, and that defendant acted in self-defence, and that in so doing he used only the force reasonably necessary to repel the assault made upon him, then you will find him not guilty." The evidence was conflicting. It was the province of the jury to reconcile the evidence of the respective witnesses, if possible. The jury are the exclusive judges of the facts proved, and of the weight to be given to the testimony in such cases; and we cannot say that the evidence, as we find it in the record, is insufficient to support the verdict.

The State's witness Upshaw testified that defendant, with his family, was in possession of the houses when the assault was alleged to have been committed; that he (Upshaw) owned the premises, and had never rented them to the defendant, or given him any authority to occupy them. Defendant went upon said premises without the leave of the witness, who had positively refused to let defendant occupy the houses. Defendant objected to the counsel for the State being allowed to prove in this manner by the witness that

he owned the premises where defendant and his family were living when the assault was committed, and that the defendant was unlawfully in possession of said premises.

It is insisted, in the brief of counsel for the defendant, that title to property cannot be proved in this manner. There was no controversy as to the ownership of said premises, on the trial. On the contrary, we find that young Tucker, a witness, and son of the defendant, in his testimony speaks of the premises and houses as " Upshaw's premises " and " Upshaw's houses." The objection of defendant to this evidence was properly overruled. It was proper for him to state that he owned the premises, without producing his written evidence of title, the title of the property not being the real matter in issue.

Defendant moved the court to arrest the judgment because the information was duplicitous, in this : that it charged more than one offence in the same count.

Mr. Bishop says : " Duplicity in an indictment is the joinder of two or more distinct offences in one count." 1 Bishop's Cr. Proc. 432. The same learned author says : " In matter of principle, it would seem to be a defect of such mere form as ought to be deemed cured by the verdict, because the objection is one which relates simply to the convenience of the defendant in making his defence, while by not taking the objection he seems to have suffered no inconvenience, and therefore to have waived it." Id., sect. 443.

Mr. Archbold, in writing of the English practice, lays down the same rule. 1 Arch. Cr. Pl. & Ev. (13th London ed.) 54.

Mr. Wharton says : " Duplicity in criminal cases may be objected to by special demurrer, perhaps by general demurrer, or the court in general, upon application, will quash the indictment ; but it is extremely doubtful if it can be made the subject of a motion in arrest of judgment, or of a writ of error, and it is cured by a verdict of guilty as to one of the offences, and not guilty as to the other." 1 Whart. Cr. Law, sect. 395.

This court, in the case of *Coney* v. *The State*, 2 Texas Ct. App. 62, held "that an indictment for aggravated assault, committed with premeditated design, is not duplicitous because it unnecessarily alleges that the means used was a deadly weapon." And we are not prepared to say, in this case, if the defendant had filed a motion to quash the information because of its duplicity, before pleading to it, that the motion should have prevailed. The pleader evidently intended in the information not to charge different, but one offence, committed at one and the same time; and the circumstances of aggravation are so interwoven together that no inconvenience, it seems, could likely arise to the defendant in making his defence. When the indictment or information charges the facts which constitute an aggravated assault, they must be proved as alleged; and proof of other facts which constitute an aggravated assault, and which are not alleged, will not warrant a verdict of guilty of an aggravated assault. *Pinson* v. *The State*, 23 Texas, 581; *McGregor* v. *The State*, 4 Texas Ct. App. 599.

We have examined the record with care, and find no error in the rulings of the court. The judgment of the County Court is affirmed.

*Affirmed.*